# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

LASHAWN ANTHONY SMITH

NO. 2025 KW 0816

**NOVEMBER 3, 2025**

---

In Re:     Lashawn Anthony Smith, applying for supervisory writs, 32nd Judicial District Court, Parish of Terrebonne, No. 587665.

---

**BEFORE:    LANIER, WOLFE, AND HESTER, JJ.**

**WRIT DENIED.** The decision in **Erlinger v. United States**, 602 U.S. 821, 839, 144 S.Ct. 1840, 1853-54, 219 L.Ed.2d 451 (2024), which held that the Fifth and Sixth Amendments require a unanimous jury's determination of facts essential to an enhanced sentence under the Armed Career Criminal Act, let stand the exception that the existence of a prior conviction triggering enhanced penalties for a recidivist was a fact that could be found by a judge, not an element of the crime that must be found by a jury. Furthermore, it is well settled that "[a] defendant is not convicted of being a habitual offender. Rather, a defendant is adjudicated as a habitual offender as a result of prior felony convictions. The sentence to be imposed following a habitual offender adjudication is simply an enhanced penalty for the underlying conviction." See **State v. Kennon**, 2019-00998 (La. 9/1/20), 340 So.3d 881, 887 (*per curiam*) (citing **State v. Parker**, 2003-0924 (La. 4/14/04), 871 So.2d 317, 325-26). As "a multiple offender proceeding is not the trial of a criminal charge" but instead is "merely part of sentencing and allows enhanced penalties for repeat offenders," the trial court's adjudication of relator's habitual offender status pursuant to La. R.S. 15:529.1 does not run afoul of **Erlinger's** holding. See **State v. Austin**, 2025-373 (La. App. 5th Cir. 9/12/25), 2025 WL 2631395, *4-5 (unpublished). Moreover, the **Erlinger** decision does not state whether its holding is to be applied retroactively. Accordingly, the district court did not abuse its discretion in denying relator's application for postconviction relief.

WIL
EW
CHH

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT